THE PEOPLE *ex rel.* F. H. Bass

*v.*

E. A. JEFFERS *et al.*

*Opinion filed October 19, 1900.*

ELECTIONS—*section 2 of the Primary Election law of 1898 construed.* Section 2 of the Primary Election act of 1898 (Laws of 1898, p. 13,) does not require that a primary election to select delegates for conventions called to nominate candidates for offices to be filled at the November election shall be held after the first of May.

ORIGINAL petition for *mandamus.*

E. S. SMITH, and A. A. DAVIDSON, for petitioner.

PADDOCK & COOPER, GEORGE BUCKINGHAM, and H. K. WHEELER, for respondents.

o

Per CURIAM: This is an original *mandamus* proceeding, on the relation of F. H. Bass, a republican voter in the county of Kankakee, to compel the central committee of that party, of said county, to call a republican primary election to elect delegates to the various conventions, State, Congressional, Senatorial and county, under the law of 1898. Certain pleas were filed to the petition, to which demurrers have been interposed and the cause submitted on that issue.

It appears, both from the allegations of the petition itself and the pleas, that a primary election was held in that county on the third day of March, 1900, and delegates elected to the various conventions named in the petition. It is also shown by the petition that the county convention in Kankakee county had already been held on the sixth day of March prior to the filing of this petition at our April term; also, that a convention had been held on the 22d day of March in and for the sixteenth Senatorial district, composed of the counties of Kankakee and Iroquois, at both of which conventions the delegates elected at the primary of March 2 acted, and at both of which candidates for the several county offices, and for representative in the State legislature, were nominated. It further appears from the petition that the republican State convention was called for the eighth day of May, following the filing of the petition.

The cause was not ready for submission, nor was it taken under advisement, until the last June term. It is clear, therefore, that no practical benefit could have resulted by the issuing of a peremptory writ of *mandamus* to compel the holding of a primary election in said county, even if the case had been decided immediately upon its submission. The writ prayed for might therefore be properly denied upon the well settled rule that courts will not issue peremptory writs of *mandamus* which can result in no benefit to the party asking for them. It will be proper, however, to briefly state at least one other reason why

we think the writ should be denied on the facts alleged in the petition itself.

Petitioner's case proceeds upon the theory that under the act of 1898 it was unlawful for the respondents to hold a primary election to elect delegates to the conventions named prior to the first day of May, and that the one attempted to be held on the third day of March was therefore void, and that it was their duty, upon demand, to hold a second election at some time on or after the first day of May. Section 2 of the act of 1898 (Laws of 1898, p. 13,) provides: "Any political party * * * shall be entitled under this act to hold one primary election on any day between November and April next following and preceding any regular spring election, and another primary election on any day between April and November next following and preceding any regular November election."

As we understand the position of counsel for petitioner, it is insisted that by the terms of this statute a primary election to elect delegates to conventions to nominate candidates for offices, to be elected at any regular November election, can only be legally held after the preceding April,—that is, after April 30; and that the statute, so construed as to the time of holding such a primary, is peremptory. We are unable to agree with this construction. In the first place, to so hold would practically, as shown by this petition, result in depriving a county of the privilege of holding a primary at all. There is nothing in this statute, nor any other provision of the law, fixing the time at which county, representative, Senatorial, Congressional or State conventions shall be held. Here the Senatorial convention had been called on the sixth day of March, and while the State convention had been fixed for the eighth of May, it cannot be pretended that it might not have been called at any time in the month of April, or even earlier, if the State central committee had seen proper to do so. And so as to the

Congressional convention. If petitioner is correct in his contention that no primary could be held earlier than the first of May, then, as a matter of course, it could not be practicably held at all as to any convention sitting prior to that time.

While it is difficult to determine just what the legislature did intend by the use of the language above quoted, we think it must be admitted that it was lawful to hold a primary election on the third day of March, that date being between the months of November and April; and we find no warrant in the statute for saying that delegates at that primary could not be lawfully elected to the various conventions to be held for the purpose of nominating candidates for offices to be filled at the general election in November. The statute does not say at which of the two primaries provided for, delegates shall be elected to the conventions to nominate candidates for offices to be filled at the regular November election, nor at which primary delegates shall be selected to conventions to nominate candidates for officers to be elected at the spring election. It simply authorizes the holding of two primary elections, and, in effect, provides that neither of these primaries shall be held during the months of April and November, during which the regular spring and fall elections are held. As before indicated, the language is unusual and not readily understood; but we are clearly of the opinion that it cannot be said that it peremptorily fixes the time for holding primary elections to select delegates to the conventions named in the petition after the first of May.

There are perhaps other reasons why the writ prayed for should be denied, but it is unnecessary to discuss them now. We are especially of the opinion that the act of 1898 is repealed by the later statute of 1899, but the issue is not definitely made upon the record.

*Writ denied.*